UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

R.J. E.R,

                Petitioner,

v.

LAURA HERMOSILLO, et al.,

                Respondent.

Case No. 2:26-cv-00296-TLF

ORDER

Petitioner, R.J. E.R., through counsel, has filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2241. Dkt. 1. Petitioner is currently detained at the Northwest ICE Processing Center (NWIPC). *Id.* Petitioner represents that he is a citizen of Venezuela and on July 16, 2025, an immigration judge denied his request for asylum, ordered him removed to Venezuela, but granted his petition for withholding of removal under Article III of the U.N. Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT), finding a more likely than not chance that he would be tortured if removed to the proposed country of removal. *Id.* Petitioner represents that the withholding order means that petitioner can still be deported to another country that agrees to accept him, but only if he will not be tortured in that country. *Id.*

Petitioner represents that on January 20, 2026, petitioner was served a Notice of Removal to Mexico with nothing else listed on the notice or other documents. *Id.*

ORDER - 1

Petitioner argues that his continued detention violates Due Process because he has been granted withholding of removal to Venezuela and thus cannot be removed there. *Id.* He argues that, therefore there is no significant likelihood of removal in the reasonably foreseeable future. *Id.*

Petitioner further argues that in order to remove an individual to a third-country, due process requires that the Government provide notice of the third-country removal and an opportunity to respond, and that the individual be asked whether they fear persecution or harm upon removal to the designated third-country and their response must be memorialized in writing. *Id.* If the noncitizen claims fear, measures must be taken to ensure that the noncitizen can seek asylum, withholding, and relief under CAT before an immigration judge in reopened removal proceedings. *Id.* Petitioner appears to argue that the Notice of Removal to Mexico he received on January 20, 2026, did not comply with these requirements. *Id.*

Petitioner further argues that since January 2025, respondents have developed and implemented a policy and practice of removing individuals to third countries, without first following the procedures in the INA for designation and removal to a third country and without providing fair notice and an opportunity to contest the removal in immigration court. *Id.* Petitioner argues that punishment and deterrence appear to be the point of the Administration's third-country removal scheme and that the Administration has hand-selected countries known for human rights abuses and instability for these third-country deportation agreements to frighten people. *Id.* Petitioner argues that deportation of individuals to third countries to be imprisoned or harmed is unquestionably punishment and violates the constitution. *Id.*

As relief, petitioner seeks (a) release; (b) an order preventing re-detention unless the government establishes by clear and convincing evidence at a hearing before a neutral decisionmaker that petitioner is a flight risk or a danger to the community, based on changed circumstances after their most recent release by ICE; (c) an order preventing removal to a third country without notice and meaningful opportunity to respond in compliance with the statute and due process in reopened removal proceedings; and (d) an order barring removal to any third country pursuant to respondents' punitive removal policy. *Id.*

Although a United States District Court generally lacks subject-matter jurisdiction to review orders of removal, see 8 U.S.C § 1252(a)(1), (g), it does generally have jurisdiction over habeas petitions. *See* 28 U.S.C § 2241(a); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2 and stating that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States"). Moreover, "'a federal court always has jurisdiction to determine its own jurisdiction,'" including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218–19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). To preserve the opportunity to determine whether the court has subject matter jurisdiction and, if so, to consider whether habeas relief is warranted, a court may issue an order to maintain the status quo. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). This is particularly so when the order is necessary

to prevent action that would otherwise destroy the court's jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906).

Accordingly, the Court hereby ORDERS:

Petitioner represents that he has been served with a Notice of Removal to a third-country (Mexico). To preserve the status quo, pending the outcome of this habeas corpus proceeding, the Court orders that respondents shall not move or transfer petitioner from the NWIPC or remove him from the United States.

The Clerk shall provide a copy of this order to counsel for petitioner and counsel for respondents.

Dated this 28th day of January, 2026.

Theresa L. Fricke
United States Magistrate Judge