UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

R.J. E.R,

                Petitioner,

      v.

LAURA HERMOSILLO, et al.,

                Respondent.

Case No. 2:26-cv-00296-TLF

ORDER GRANTING
PETITIONER'S MOTION FOR
EQUAL ACCESS TO JUSTICE
ACT FEES AND COSTS

Petitioner proceeds through counsel in this 28 U.S.C. § 2241 federal habeas corpus action. Dkt. 1. The parties have consented to the jurisdiction of the Magistrate Judge. Dkt. 3. By order dated March 6, 2026, the Court granted petitioner's federal habeas petition in part and directed that petitioner be released within 24 hours on appropriate conditions of supervision. Dkt. 15.

Petitioner has filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2)(A). Dkts. 18, 19. The Government does not oppose the motion.[1] Dkt. 21. However, the Government does state "if Petitioner intends for payment of the fee award to be made directly to counsel, Federal Respondents request that Petitioner provides proof of assignment of their rights to receive fees to

---

[1] The Government specifically states that "[w]ithout admitting that Federal Respondents acted in bad faith or without substantial justification in regard to the matters that are the subject of the Petition for Habeas Corpus filed by Petitioner, Federal Respondents do not oppose Petitioner's request for an award of attorney's fees and costs in an amount determined to be appropriate by the Court, but not to exceed the amount requested by Petitioner in their motion ($11,713.24).

ORDER GRANTING PETITIONER'S MOTION FOR
EQUAL ACCESS TO JUSTICE ACT FEES AND COSTS
- 1

counsel" as required by *Astrue v. Ratcliff*, 560 U.S. 586, 589 (2010) (holding EAJA fee are payable to the litigant). Dkt.18.

After reviewing petitioner's motion and the supporting documents, the Court GRANTS the motion (Dkt. 18) and AWARDS $11,708.24 in attorney fees and $5.00 in costs to petitioner under 28 U.S.C. § 2412(d), subject to any offset as described in *Astrue v. Ratliff*, 560 U.S. 586 (2010).

Since the *Ratliff* decision, courts have ordered EAJA fees be paid directly to a plaintiff's lawyer pursuant to the plaintiff's assignment of EAJA fees. *Ratliff*, 560 U.S. 586; *see e.g. Degowin v. Colvin*, 2017 WL 218341 (E.D. Cal., Jan. 19, 2017); *Murphy v. Kijakazi*, 2023 WL 11944419 at * 4 (C.D. Cal. Aug. 31, 2023) (2023 WL 11944419 ("*Ratliff* does not preclude direct payment to a claimant's counsel where there is a valid assignment, subject to an offset.").

Here, respondents requested proof of assignment to determine to whom the award of fees should be made payable. As petitioner has not responded, EAJA fees must be made payable to petitioner under the *Ratliff* decision and 28 U.S.C. § 2412(d)(1)(A) which states "a court shall award to a prevailing party." *Ratliff*, 560 U.S. 586.

**The EAJA fees shall be made payable to petitioner**. The check for EAJA fees shall be mailed, within 60 days of this order, to petitioner's attorney at the Law Offices of Bart Klein, 605 First Avenue, Suite 500, Seattle, WA 98104.

//

//

ORDER GRANTING PETITIONER'S MOTION FOR
EQUAL ACCESS TO JUSTICE ACT FEES AND COSTS
- 2

The Clerk shall provide a copy of this order to counsel for petitioner and counsel for respondents.

Dated this 13th day of July, 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING PETITIONER'S MOTION FOR
EQUAL ACCESS TO JUSTICE ACT FEES AND COSTS
- 3